UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WHITE SURF CONDOMINIUM
MANAGEMENT ASSOCIATION, INC.,

    Plaintiff,

v.                                    Case No:   6:17-cv-1203-Orl-40TBS

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____

## ORDER

    This case comes before the Court on Defendant's Motion to Compel Appraisal and Stay Litigation (Doc. 12). The motion states: "The undersigned will continue to attempt to contact Plaintiff's counsel and advise the Court if Plaintiff agrees to all or part of the relief sought." (Id., at 9).

    Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to

confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

The Court waited from July 14 to July 24 for a supplemental Rule 3.01(g) certificate but none has been filed. Accordingly, the motion is **DENIED without prejudice** for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record